1  ROB BONTA
   Attorney General of California
2  MARK BECKINGTON
   Supervising Deputy Attorney General
3  TODD GRABARSKY
   Deputy Attorney General
4  State Bar No. 286999
     300 South Spring Street, Suite 1702
5    Los Angeles, CA  90013
     Telephone: (213) 269-6044
6    Fax: (916) 731-2124
     E-mail:  Todd.Grabarsky@doj.ca.gov
7  *Attorneys for Governor Gavin Newsom and
   Attorney General Rob Bonta in their official
8  capacities*[1]

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ADAM RICHARDS, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, in his official capacity as Governor of California, et al.,**<br><br>Defendants. | Case No.: 8:23-cv-02413 JVS (KESx)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' NOTICE OF EX PARTE APPLICATION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ISSUANCE OF PRELIMINARY INJUNCTION**<br><br>Judge:     Hon. James V. Selna |

---

[1] Defendants specially appear for the sole purpose of responding to Plaintiffs' Ex Parte Application for a Temporary Restraining Order and Issuance of Preliminary Injunction.

**OPPOSITION**

Yesterday evening[2]—less than 24 hours before the start of the Christmas holiday weekend—Plaintiffs informed attorneys in the Office of the Attorney General, California Department of Justice, that they would be moving the Court ex parte for an emergency temporary restraining order and issuance of a preliminary injunction to enjoin a law that was enacted more than a year ago. Plaintiffs seek an injunction against Senate Bill No. 1384's requirement that licensed firearm dealers have a digital video surveillance system on their business premises; that requirement was signed into law on September 30, 2022, with an effective date fifteen months later, on January 1, 2024.[3] Plaintiffs' unexplained and unreasonable delay of more than a year to seek relief belies any claim of exigency, demonstrates an absence of irreparable harm, and undoubtedly prejudices Defendants. Thus, summary denial of Plaintiffs' request is warranted.

Courts routinely deny TRO and preliminary injunction requests where the moving party has unreasonably and inexplicably delayed filing such a request for reasons that include the doctrine of laches, failure to demonstrate an imminent irreparable harm, or prejudice against the defendant. *E.g.*, *Apache Survival Coal. v. United States*, 118 F.3d 663 (9th Cir. 1997); *Ariz. Libertarian Party v. Reagan*, 189 F. Supp. 3d 920 (D. Ariz. 2016); *Labrada v. Deutsche Bank Nat. Tr. Co.*, 2010 WL 3911492 (C.D. Cal. Oct. 4, 2010); *Burrows v. Onewest Bank*, 2012 WL 12882754, at *2 (N.D. Cal. Apr. 5, 2012). As one court explained, denying such relief is appropriate where "plaintiff offers no explanation for its delay in seeking a temporary restraining order for over a year and a half thereafter, and plaintiff has

---

[2] The undersigned attests that on Thursday, December 21, 2023 at 6:19 p.m., Laura Palmerin, Legal Secretary/Paralegal of Michel & Associates, P.C., counsel for Plaintiffs, sent an email to my colleague Deputy Attorney General John D. Echeverria notifying him of Plaintiffs' Ex Parte Application for a Temporary Restraining Order and Issuance of Preliminary Injunction.

[3] *See* 2021 California Senate Bill No. 1384, California 2021-2022 Regular Session, *available at* https://leginfo.legislature.ca.gov/faces/billTextClient.xhtml?bill_id=202120220SB1384.

1

made no showing to suggest that it could not have sought relief by motion for preliminary injunction at an earlier date[.]" *PTG, Inc. v. Reptilian Nation Expo*, 2023 WL 3582131, at *2 (E.D. Cal. May 22, 2023) (internal quotation marks omitted).

Here, Plaintiffs filed this lawsuit and sought emergency preliminary injunctive relief ten days before SB 1384 goes into effect and on the eve of the Christmas and New Year's holidays. Courts have denied such relief where the delay is far less than the nearly fifteen months Plaintiffs have waited here. *E.g.*, *Martia v. Specialized Loan Servicing, LLC*, 2018 WL 7377936, at *1 (C.D. Cal. Oct. 24, 2018) (seven months); *InfoKorea, Inc. v. MBC Am. Holdings, Inc.*, 2016 WL 9459289, at *2 (C.D. Cal. Aug. 31, 2016) (three months); *Occupy Sacramento v. City of Sacramento*, 2011 WL 5374748, at *4 (E.D. Cal. Nov. 4, 2011) (twenty-five days); *Farmers Ins. Exch. v. Steele Ins. Agency, Inc.*, 2013 WL 1819988, at *7 (E.D. Cal. Apr. 30, 2013) (six months). Plaintiffs provide no explanation for delay here, nor do they explain why they could not have sought this relief on a non-emergency basis while providing Defendants with sufficient time to respond. In short, this delay belies any notion that relief is needed on an "emergency basis." *Cf.* L.R. 77-1 (outlining procedures for "Emergency Matters").

Furthermore, this delay undoubtedly prejudices Defendants and inconveniences the Court in its "administration of justice." *Ariz. Libertarian Party*, 189 F. Supp. 3d at 924. Plaintiffs' ex parte request raises questions of law under the First, Second, Fourth, and Fourteenth Amendments to the U.S. Constitution, as well as provisions of the California Constitution. The request is supported by purported factual statements made in at least ten declarations and an underlying Complaint consisting of 496 paragraphs and 127 pages. Plaintiffs presumably have been preparing these voluminous papers for many months, if not longer. And, by filing the request for injunctive relief less than two weeks before the challenged law goes into effect, and on the eve of two federal holidays, Plaintiffs have afforded

Defendants little time to prepare a defense and the Court little time to consider the arguments of the parties and issue a measured and instructive ruling. As one court explained in a similar situation,

> By waiting until the eleventh hour to seek injunctive relief, Plaintiffs essentially preclude Defendants from having a meaningful opportunity to be heard. Whether the delay was the result of a litigation tactic or occurred for other reasons, the court has no knowledge. What is true, however, is that absent a sound reason for the delay, due process concerns favor a full and fair airing of the positions of the parties.

*SST Recs., Inc. v. Garfield*, 2013 WL 4039805, at *2 (C.D. Cal. Aug. 7, 2013). The doctrine of laches is designed to protect against this precise type of prejudice. *Apache Survival Coal.*, 118 F.3d at 665-66; *Ariz. Libertarian Party*, 189 F. Supp. 3d at 924.

Plaintiffs' dilatory behavior stands in sharp contrast to the diligence exercised by other plaintiffs seeking to enjoin California legislation related to firearms. For example, mere days after Senate Bill No. 2—a law that *inter alia* restricts the carry of firearms in several designated locations—was signed into law, the plaintiffs in *May v. Bonta*, C.D. Cal. No. 8:23-cv-01696 CJC (ADSx), and *Carralero v. Bonta*, C.D. Cal. No. 8:23-cv-01798 CJC (ADSx), filed suit and immediately moved the court for a preliminary injunction, well before that law went into effect. Another example is *Junior Sports Magazines, Inc. v. Bonta*, C.D. Cal. No. 2:22-cv-04663-CAS, in which the plaintiffs (represented by the same counsel as here) sought a preliminary injunction a mere three weeks after the law they challenged—AB 2571, which *inter alia* restricts marketing and advertising of firearms and related products directed at minors—was signed by the governor.

Based on Plaintiffs' long, unreasonable, and inexplicable delay, the Court should deny not only their request for TRO but also their request for a preliminary injunction. Courts have time and again found such delays warrant denials of preliminary injunctions under the doctrine of laches and also because they demonstrate the absence of the kind of irreparable harm required to support a

1  preliminary injunction.  *E.g.*, *Apache Survival Coal.*, 118 F.3d at 665-66; *Ctr. for*
2  *Food Safety v. Schafer*, 2010 WL 964017, at *4 (N.D. Cal. Mar. 16, 2010); *Reno-*
3  *Sparks Indian Colony v. Haaland*, 2023 WL 3613201, at *6 n.5 (D. Nev. Mar. 23,
4  2023).  "Laches—unreasonable and prejudicial delay—requires denial of injunctive
5  relief, including preliminary relief." *Ariz. Pub. Integrity All. Inc. v. Bennett*, 2014
6  WL 3715130, at *2 (D. Ariz. June 23, 2014).  And, a "'long delay before seeking a
7  preliminary injunction implies a lack of urgency and irreparable harm.'" *Miller for*
8  *& on Behalf of N.L.R.B. v. California Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir.
9  1993) (quoting *Oakland Tribune, Inc. v. Chronicle Pub. Co.,* 762 F.2d 1374, 1377
10 (9th Cir. 1985); *see also Quince Orchard Valley Citizens Ass'n, Inc. v. Hodel*, 872
11 F.2d 75, 80 (4th Cir. 1989) ("'Although a particular period of delay may not rise to
12 the level of laches and thereby bar a permanent injunction, it may still indicate an
13 absence of the kind of irreparable harm required to support a preliminary
14 injunction.'") (quoting *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir.
15 1985)).  Those principles apply here: laches stands as a complete bar to Plaintiffs'
16 preliminary injunction request; and the long and unexplained delay demonstrates a
17 failure to meet the irreparable harm element required for issuance of a preliminary
18 injunction.

## CONCLUSION

20 The Court should deny Plaintiffs' Ex Parte Application and Application for
21 Temporary Restraining Order and Issuance of Preliminary Injunction.
22 / /
23 / /
24 / /
25 / /
26 / /
27 / /
28 / /

| | | |
|---|---|---|
| 1 | Dated: December 22, 2023 | Respectfully submitted, |

Rob Bonta
Attorney General of California
Mark Beckington
Supervising Deputy Attorney General

*s/ Todd Grabarsky*
Todd Grabarsky
Deputy Attorney General
*Attorneys for California Governor Gavin Newsom and Attorney General Rob Bonta in their official capacities*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Governor Gavin Newsom and Attorney General Rob Bonta, in their official capacities, certifies that this brief contains 1,286 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 22, 2023                    Respectfully submitted,

ROB BONTA
Attorney General of California
MARK BECKINGTON
Supervising Deputy Attorney General


*s/ Todd Grabarsky*
TODD GRABARSKY
Deputy Attorney General
*Attorneys for California Governor Gavin Newsom and Attorney General Rob Bonta in their official capacities*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2023, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated:  December 22, 2023              */s/ Todd Grabarsky*
                                       TODD GRABARSKY