C. D. Michel – SBN 144258
Tiffany D. Cheuvront – SBN 317144
Joshua Robert Dale – SBN 209942
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
cmichel@michellawyers.com

Attorneys for Plaintiffs Adam Richards, Jeffrey Vandermeulen, Gerald Clark, Jesse Harris, On Target Indoor Shooting Range, LLC, Gaalswyk Enterprises, Inc. (D/B/A/ Smokin' Barrel Firearms), Gun Owners of California, Inc., Gun Owners of America, Inc., Gun Owners Foundation, and California Rifle & Pistol Association, Incorporated

Donald Kilmer – SBN 179986
Law Offices of Don Kilmer, APC
14085 Silver Ridge Rd.
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Don@DKLawOffice.com

Attorney for Plaintiff Second Amendment Foundation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM RICHARDS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | Case No.: 8:23-cv-02413 JVS (KESx)<br><br>**DECLARATION OF MATTHEW GENE PETERSON-HAYWOOD IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL BRIEF ON MOTION FOR PRELIMINARY INJUNCTION** |

## DECLARATION OF MATTHEW GENE PETERSON-HAYWOOD

1. I, Matthew Gene Peterson-Haywood, am a U.S. citizen and resident of California. I make this declaration in support of Plaintiffs' Supplemental Brief on Motion for Preliminary Injunction. Unless otherwise stated, I make this declaration based on personal knowledge. If called as a witness, I can testify to the truth of the statements contained herein.

2. I am the owner of Hard Focus Firearms Training, LLC in Merced, California.

3. I am a member of Gun Owners of America, Inc. and am thus one of the individuals whose interests are represented in this matter. I also participate in Gun Owners of America's Caliber Club which is a partnership program of dealers and shooting ranges around the country.

4. I am a licensed firearms dealer and operate my business out of my home. Previously, I was a law enforcement officer, formerly with the City of Atwater Police Department.

5. Prior to the effective date and due to the implementation of Section 26806, I was forced to install audiovisual surveillance equipment within my home in order to comply with the requirements of my license so that I could remain in business as a firearms dealer.

6. My home is my "licensed business premises" under state law. Specifically, I utilize my home office as the location where I perform firearms transactions for customers.

7. As a firearms dealer, I operate by appointment only, to known customers with whom I have previously communicated. Neither my office nor my home is open to the general public for any purpose or at any time. I do not openly advertise to the general public that I am a home-based FFL.

8. After Section 26806 was passed, I spent considerable time researching what I needed to do to comply with its requirements, including what I could afford

with a limited budget of a small business. During that process, I spoke with the California Department of Justice about what I needed to do comply with the new requirements.

9. After multiple calls to surveillance equipment retailers, and consultations with the California DOJ, I was told by my California DOJ representative that I would be permitted to utilize a one-camera system, whereby the camera and microphone would be focused on my "office," but would also capture the field of view of the hallway.

10. And, I was told that the camera must include in its view the computer in my office, and that the camera must capture the computer screen itself so as to record any firearm transaction and my entering of the customer's information into the Dealer's Record of Sale (DROS).

11. I determined that, even for one camera recording at 1080p with audio, I needed at least 8TB of storage for one year of 24/7 surveillance. Thus, in order to comply with Section 26806, I purchased a 4K-capable digital video recording system with a 10TB (Terabyte) surveillance-rated hard drive. Also part of the system is a 3K-capable turret camera that records video in 1080p and records audio. I also purchased a battery backup for the system so, in case the power went out, my system would still function. The hard drive alone cost me about $500. The system total cost was approximately $1,700, representing a significant portion of my annual business income. There is no cloud backup to the system I purchased, as a cloud service solution was prohibitively expensive, and so every 30 days, I must remember to manually back up the footage to a 2TB flash drive (incurring additional and ongoing costs to ensure compliance) in case of any sort of system failure.

12. I was told by my California DOJ representative that this setup is sufficient. However, if that opinion were to change, and I were required to add a second camera, I would not be able to afford the additional requirements, as such a

2
DECL. OF MATTHEW GENE PETERSON-HAYWOOD

cost is simply not feasible based on the volume of sales that I do in a given year. Being a firearms dealer is not generally a hugely profitable business, and the costs imposed by Section 26806 are real, difficult to burden, and borderline prohibitive.

13. During an initial test of my audio/video system to ensure its functionality, I discovered that the system picks up and records audio not only from my home office, where it is directed, but also indirectly from my den and kitchen. One can even hear the toilet flushing in the nearby bathroom, as the camera is mounted on the wall that is shared with my bathroom. In other words, my surveillance system captures the goings on not only in my office and hallway, but also in much of my home. There is no way to limit this intrusion while keeping with the recommendations for the system I have in place.

14. Prior to the effective date of Section 26806, I used my home office for a number of different functions.

15. I previously used my office as a meeting space for my law enforcement motorcycle club, the "Sworn Few Motorcycle Club." Often, friends who are members of the club would visit and we would discuss various issues in my office. I also used my office for scheduled conference calls with other members of the club to discuss our activities.

16. Previously, my family used my office as a guest room when friends or family would visit, as there is a futon in my office that functions as a bed for guests.

17. I used to regularly use my office for personal matters, including speaking with medical providers and making healthcare appointments for my wife, who has health issues.

18. Before Section 26806, I would use my office to speak with other like-minded individuals about politics, current events, and the general state of life in California, including state firearms laws, proposed legislation, and to criticize elected officials.

19. I am also a sales representative for a self-defense insurance program,

and thus I would use my office to make sales calls, speak with existing customers, and conduct other business activities.

20. When on the telephone, I routinely use the speakerphone function of my phone so that I can multitask and look at documents while having a conversation. Under the Section 26806 surveillance this means that both sides of my conversations are able to be heard by anyone monitoring my office.

21. Now, however, due to the implementation of Section 26806, I am not able to use my office for any of these activities.

22. I cannot use my computer the way I used to. Because the California DOJ has mandated that the video camera capture my computer screen, everything I do on my computer is monitored by the government (even medical appointments, customer interactions with my other business, and the like). It is no exaggeration to say that California watching my computer screen is Orwellian.

23. My family any longer allow guests to use my office as a guest room, due to Section 26806's audiovisual surveillance. No reasonable person would want to sleep in that room, under constant monitoring by California. Thus, I cannot freely use this section of my home as I desire because of Section 26806.

24. I can no longer use my phone and office computer to make any health appointments or discuss my wife's health with providers in my office, as all such communications would be recorded. Instead, I must go to *another* room and use a *different* computer to make any health appointments. Even that is suspect because the recording picks up conversations throughout my home so there really is no privacy any longer.

25. I am no longer able to use my office to have calls and meetings with members of my motorcycle club, as all of us would be forced to censor ourselves and what we say, whereas I usually speak freely and without a filter. I now must find a different place to have these discussions and host these meetings, where they are not under government surveillance.

4

DECL. OF MATTHEW GENE PETERSON-HAYWOOD

26. If my phone rings, I have to leave my office and try to find a place where I can speak freely. I can no longer have casual conversations, and have to filter myself when I speak, because the audio recording system might pick up the conversation.

27. I used to be able to have political discussions with friends or complain about the government – or pray to God – without fear of being recorded by the government in my own home, but this can no longer happen in my home without the government listening in.

28. Since my home office is under constant audiovisual surveillance, I feel I have been evicted from my office and much of my home, which now essentially belongs to the State of California.

29. In addition to chilling my speech because I do not want to be monitored by the government, I have also learned that I can no longer lawfully conduct any telephone calls on speakerphone in my office, because California is a two-party state for recording, and I do not wish to violate either California or federal law by having those conversations recorded without consent of all parties.

30. As I mentioned above, the audio surveillance imposed by Section 26806 also picks up conversations in my kitchen and den. I am married and have two boys who use these areas, and who are frequently reminded to "filter" their conversations and are requested not to enter my home office. My own children are learning what it means to be constantly recorded by the government in their own home.

31. Now when my wife and I have conversations, I make sure that we are out of range of the audio recording system. Obviously, we can no longer have a conversation (or do anything else) in my office, as both audio and video are recorded. Moreover, as the audio picks up sounds in other rooms, the places where we can discuss things that are personal or otherwise none of the government's business are now greatly limited within our own home.

32. Section 26806 is a massive invasion of privacy, which is hard to fully describe and understand without actually being subjected to it. I am being treated as though I am a criminal within my own home. California has invaded my home, destroyed my privacy, and is subjecting my family and friends to the same treatment.

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States on January 31, 2024.

Matthew Gene Peterson-Haywood
Declarant

# CERTIFICATE OF SERVICE
### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Richards, et al. v. Newsom, et al.*
Case No.: 8:23-cv-02413 JVS (KESx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**DECLARATION OF MATTHEW GENE PETERSON-HAYWOOD IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL BRIEF RE: MOTION FOR PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

Todd Grabarsky
Deputy Attorney General
todd.grabarsky@doj.ca.gov
Christina R.B. Lopez
Deputy Attorney General
christina.lopez@doj.ca.gov
Office of the Attorney General for California
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6044
   *Attorneys for Defendants*

I declare under penalty of perjury that the foregoing is true and correct.

Executed January 31, 2024.

_____
Laura Palmerin

---

CERTIFICATE OF SERVICE